# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | **CRIMINAL NO. 1:10-CR-5-2** |
| v. : | **(Judge Conner)** |
| **ALEXAMUEL GLENN, JR.** : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 257) to sever and for pretrial release, filed by defendant Alexamuel Glenn, Jr. ("Glenn"). For the reasons that follow the motion will be denied.

## I. Background

On December 24, 2009, Glenn and three other co-defendants were charged by sealed criminal complaint with attempting and conspiring to distribute and posses with intent to distribute five kilograms and more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. (Doc. 1). Glenn was taken into custody that day and detained pending a preliminary hearing and detention hearing. (Doc. 257 ¶ 3). The Magistrate Judge ordered that Glenn be detained at the preliminary hearing and detention hearing on December 28, 2009. (Doc. 11). On January 6, 2010, Glenn and his three co-defendants were indicted by a grand jury for the same offense charged in the original criminal complaint. (Doc. 6). Glenn entered a "not guilty" plea at his initial appearance on January 12, 2010, and trial was set for March 1, 2010. (Docs. 19, 28).

On January 24, 2010, Glenn and his three co-defendants filed a joint motion to continue trial (Doc. 44), which was granted, and the court reset trial for May 3,

2010. (Doc. 45). A second joint motion to continue trial was granted by the court on April 14, 2010, resetting trial for June 7, 2010. (Docs. 51, 53). Glenn's co-defendants filed a third joint motion to continue trial on May 12, 2010. (Doc. 61). Glenn did not concur in this motion. (Id. ¶ 6). The court granted the motion and reset trial for July 6, 2010, stating that the circumstances, specifically the fact that Glenn's case had not been severed from his co-defendants, outweighed the interests of the public and the defendants to a speedy trial. (Doc. 62). Glenn's co-defendants filed a fourth joint motion to continue trial on June 21, 2010. (Doc. 67). Again, Glenn did not concur in this motion. (Id. ¶ 6). Citing the circumstances of the case, the court granted the motion and reset trial for August 17, 2010. (Doc. 67).

The government filed a superseding indictment on July 7, 2010, charging an additional 10 defendants and five additional offenses. (Doc. 69). Glenn is charged in Count 1 with attempt and conspiracy to distribute five kilograms and more of cocaine hydrochloride, 50 grams and more of crack, 100 grams and more of heroin, and marijuana, in violation of 21 U.S.C. § 846. In Counts 2 and 3, Glenn is charged with conspiracy to possess firearms and possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(o) and 924(c). In Counts 4, 5 and 6, Glenn is charged with distribution of 5 kilograms and more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), distribution of 100 grams and more of heroin, in violation of 21 U.S.C. § 841(a)(1), and distribution fo 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), respectively.

Glenn pled "not guilty" to the superseding indictment on July 27, 2010, (Doc. 173), and another motion for continuance of trial, in which Glenn did not join, (Doc. 199) was granted on August 13, 2010, rescheduling trial for October 4, 2010. (Doc. 223). On September 20, 2010, the government moved to continue trial for all co-defendants until November 8, 2010. (Doc. 270). Glenn did not oppose this motion. The court granted the motion the same day, and reset trial for November 8, 2010. (Doc. 271).

Glenn filed the instant motion to sever and for pretrial release and his brief in support (Docs. 257, 258) on September 13, 2010. Glenn argues that he is being denied his rights to liberty and a speedy trial by being joined in this matter with the co-defendants because of the multiple continuances in which he does not concur. He claims this is prejudicial and seeks severance of his case from his co-defendants so that he may proceed to trial, or in the alternative, he seeks pretrial release pending trial. The government filed its opposition brief on September 28, 2010. (Doc. 278). The motion has been fully briefed and is now ripe for disposition.

## II. Discussion

### A. Severance

Federal Rules of Criminal Procedure provide that defendants may be joined and tried together if they are alleged to have participated in the same act(s) or transaction(s) constituting an offense or offenses. See FED. R. CRIM. P. 8(b). Initial joinder of Glenn and his co-defendants was proper in this case, however, under Federal Rule of Criminal Procedure 14, when joinder of defendants for trial appears

3

prejudicial to a defendant, "the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14.

In determining if severance is appropriate, the court is "to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion." United States v. Joshua, 976 F.2d 844, 847 (3d Cir. 1992). Defendants seeking severance face a heavy burden. Glenn must show "a serious risk that a joint trial would compromise a specific trial right of [his], or prevent the jury from making a reliable judgement about guilt or innocence." Zaffiro v. United States, 506 U.S. 534, 539 (1993); United States v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1983) (defendant must show "clear and substantial prejudice"); see also United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) (relevant inquiry is whether jury can "compartmentalize evidence as it relates to separate defendants"). Generally, limiting instructions are sufficient to cure any risk or appearance of prejudice. Zaffiro, 506 U.S. at 539 (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Glenn argues that the delay in trial is prejudice to liberty, that his speedy trial rights are being violated, and that "he does not want and has never wanted any trial continuances in this matter." (Doc. 258 at 3). The record refutes that statement as Glenn concurred in two joint motions to continue trial and in the latest motion by the government to continue trial to November 8, 2010. Additionally, the court can find no case in which severance was granted, where co-defendants were properly joined, based on one defendant's desire to be tried immediately. Glenn

4

also contends that the case is straightforward and not complex, thus the court can sever with minimal drain on judicial resources; the government disagrees. (See Doc. 258 at 3; Doc. 278 at 5 n.1). The case involves a total of fourteen defendants and six counts, and the government states that it will use numerous intercepted conversations (which had to be translated and transcribed), evidence regarding six drug-related robberies, evidence of numerous drug buys, and the testimony of historical witnesses. (Doc. 278 at 5 n.1). The court will, however, briefly consider Glenn's speedy trial rights as codified at 18 U.S.C. § 3161.

Under federal speedy trial provisions a defendant who pleads "not guilty" to a criminal indictment must be brought to trial withing 70 days of the date of his initial appearance. See 18 U.S.C. 3161(c)(1). The running of the 70 days is subject to numerous exclusions, however. Relevant to the instant matter, time excluded from the 70 day requirement includes:

> Any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Glenn concurred in the first two motions to continue trial and in the recent motion filed by the government to continue trial. Furthermore, the court, in all of its orders continuing trial, specifically found that the ends of justice served by the delay outweighed the best interest of the public and the defendant in a speedy trial. (See Docs. 45, 53, 62, 67, 223, 271). Also excluded from

the calculation is any delay resulting from motions, such as this one, from the time of filing through either the conclusion of a hearing on the motion, or the prompt disposition of the motion, id. § 3161(h)(1)(D), as well as any reasonable "delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Id. § 3161(h)(6).

Glenn's right to a speedy trial has not been violated, and Glenn has failed to satisfy his heavy burden that he will be prejudiced absent severance from his co-defendants.

### B. Pretrial Release

Glenn requests, in the alternative, pre-trial release as a result of the numerous trial continuances. Having found that joinder in this matter is not prejudicial to Glenn, the court need not consider any "other relief that justice requires" to relieve any prejudice to Glenn. See FED. R. CRIM. P. 14. Nonetheless, the court will briefly address Glenn's request, separate and apart from his motion to sever.

The Bail Reform Act, codified at 18 U.S.C. § 3142, governs determinations of pretrial release. In this case, the Grand Jury found probable cause that Glenn committed offenses under the Drug Act, 21 U.S.C. 801 et seq., that carry a maximum term of imprisonment of 10 years or more, and committed a crime of violence. (Doc. 69). Such a finding by the grand jury creates a rebuttable presumption under the Bail Reform Act that there is no condition or combination of

conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(A), and (f)(1)(A).

At Glenn's detention hearing, on December 28, 2009, the Magistrate Judge found that Glenn had not rebutted the presumption that no condition would reasonably assure his appearance and the safety of the community, and the magistrate found that there was a serious risk that Glenn would not appear or would endanger the safety of persons in the community. (Doc. 11). In the instant motion for pre-trial release, Glenn presents no evidence to rebut the presumption. Nor is his desire to proceed to trial immediately a valid basis for pretrial release.

### III. Conclusion

Glenn has not shown that his joinder to his co-defendants in this matter has prejudiced him. The trial date has been reset numerous times, but only with Glenn's assent, or on a showing that the interests of justice are served by the delay and outweigh the best interests of the public and the defendant's right to a speedy trial. Glenn's speedy trial rights have not been violated, and he presents no evidence to rebut the presumption against pre-trial release in his case. For the foregoing reasons, the motion (Doc. 257) to sever and for pretrial release will be denied.

An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: November 3, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:10-CR-5-2** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALEXAMUEL GLENN, JR.** | : | |

## **ORDER**

AND NOW, this 3rd day of November, 2010, upon consideration of the motion (Doc. 257) to sever and for pretrial release, filed by defendant Alexamuel Glenn, Jr., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 257) to sever and for pretrial release is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge